Gregory M. Garrison [SBN 165215]
GARRISON & McINNIS, L.L.P.
2650 Camino del Rio North, Suite 108
San Diego, California 92108

Telephone: (619) 299-4877
Facsimile: (619) 299-4787
E-Mail: ggarrison@gm-lawyers.com

Attorneys for Plaintiff, GREGORY PIERRO

FILED
'08 JUN 25 PM 2:34
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: DEPUTY

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GREGORY PIERRO, an individual,<br><br>Plaintiff,<br><br>v.<br><br>JOSHUA YOUNG, an individual, JOHN CLARK, an individual, and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. '08 CV 1136 J WMc<br><br>**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**<br><br>**1) Violation of Civil Rights (42 U.S.C. § 1983)**<br><br>**2) Supervisory Liability for Violation of Civil Rights (42 U.S.C. § 1983)** |

**JURISDICTION**

1. This action is brought pursuant to 42 U.S.C. Sections 1983, et seq. and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is founded on 28 U.S.C. Section 1331 and 1343 and the aforementioned statutory and Constitutional provisions.

**PARTIES**

2. Plaintiff GREGORY PIERRO ("PLAINTIFF") is and was at all material times mentioned herein residing in the County of San Diego, State of California.

///

///

3. PLAINTIFF is informed and thereon alleges that at all times relevant hereto, defendants JOSHUA YOUNG ("YOUNG") and JOHN CLARK ("CLARK") were residents of the County of San Diego, State of California, and were working as police officers for the City of Oceanside, California.

4. The City of Oceanside, California is a municipality and public entity under the laws of the State of California and is the employer of defendants YOUNG and CLARK. The individual defendants, and each of them, acted under color of law with all actions and inactions described herein.

5. At all times mentioned herein defendants DOES 1through 20 (hereinafter "DEFENDANTS") were employees of the City of Oceanside, California and in doing the acts hereinafter described acted under color of law with all actions and inactions described herein. The acts of all DEFENDANTS and each of them, were also done under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of California.

6. The true names or capacities whether individual, corporate, associate or otherwise, of defendants named herein as DOES 1 through 20 are unknown to PLAINTIFF, who therefore sues said defendants by said fictitious names. PLAINTIFF will amend this complaint to show said defendants' true names and capacities when the same have been ascertained. PLAINTIFF is informed and believes and thereon alleges, that all defendants sued herein as DOES are in some manner responsible for the acts and injuries alleged herein.

7. PLAINTIFF is informed and believes and therefore alleges that at all times mentioned herein each of the defendants was the agent, servant and/or employee of each of the remaining defendants and was, in doing the acts herein alleged, acting within the course and scope of this agency and/or employment and with the permission, consent and authority of their co-defendants and each of them, and each is responsible in some manner for the occurrences hereinafter alleged; and that PLAINTIFF's injuries were legally caused by the actions of each.

## GENERAL ALLEGATIONS:

8. On the evening of Thursday June 29, 2006, Robert Pierro was driving a Cadillac Escalade (the "VEHICLE") in Oceanside, California near Carlsbad Boulevard. PLAINTIFF, Robert Pierro's brother, was riding in the passenger seat.

9. At approximately 11:30 p.m a police vehicle driven by Oceanside, California police officer YOUNG stopped and detained Robert Pierro's VEHICLE. YOUNG approached the VEHICLE from the driver side and requested Robert Pierro's drivers license and registration. Thereafter, YOUNG asked Robert Pierro to step out of the VEHICLE and YOUNG administered a field sobriety test. PLAINTIFF remained in the passenger seat of the VEHICLE.

10. As YOUNG administered the field sobriety test, another Oceanside police vehicle arrived on the scene for backup. This vehicle was driven by CLARK, another Officer from the Oceanside, California Police Department.

11. After administering the field sobriety test, YOUNG arrested Robert Pierro on suspicion of driving under the influence of alcohol. Thereafter, Robert Pierro was handcuffed and transported by CLARK to his vehicle. Robert Pierro never complained of his arrest, argued with or threatened YOUNG or CLARK.

12. After YOUNG told PLAINTIFF that his brother was under arrest for "DUI", PLAINTIFF began to plead with the officers not to arrest his brother.

13. As CLARK was escorting Robert Pierro to his patrol vehicle, YOUNG remained at the passenger side window talking with PLAINTIFF who continued to plead with YOUNG to release his brother.

14. PLAINTIFF then attempted to exit the VEHICLE by opening the passenger door. YOUNG ordered PLAINTIFF to remain in the VEHICLE and placed his hands upon the door. PLAINTIFF complied. After being told to remain in the VEHICLE, PLAINTIFF kept his hands visibly placed upon the dashboard.

///

///

15. After YOUNG noticed that CLARK had secured Robert Pierro in his patrol vehicle and was returning, YOUNG ordered PLAINTIFF to exit the VEHICLE. PLAINTIFF complied by opening the passenger side door and stepping out of the VEHICLE. As PLAINTIFF stepped out onto the sidewalk, he raised his hands above his head.

16. Almost immediately after stepping onto the sidewalk, as ordered by officer YOUNG, officer CLARK charged PLAINTIFF from behind and jumped on him. YOUNG punched PLAINTIFF in the back of the head, grabbed PLAINTIFF and tackled him. CLARK and YOUNG then repeatedly punched and kicked PLAINTIFF, striking him in the head repeatedly with their fists and feet. PLAINTIFF lay helpless on the sidewalk while YOUNG and CLARK attacked him. PLAINTIFF suffered multiple lacerations and cuts which bled profusely from wounds suffered during the attack. PLAINTIFF was emotionally traumatized and humiliated as a result of the beating. PLAINTIFF was arrested and charged with violation of California Penal Code Section 148(a)(1), resisting arrest. Unbeknownst to CLARK and YOUNG, the entire episode described above was recorded on video tape by a security camera and will be presented at trial.

17. On January 31, 2007, PLAINTIFF was acquitted of violating P.C. Section 148(a)(1).

**FIRST CAUSE OF ACTION**

**[42 U.S.C. § 1983 Civil Rights Violations]**

18. PLAINTIFF hereby re-alleges paragraphs 1 through 17, inclusive, and incorporates them herein by said reference as though set forth in full.

19. The acts alleged above, particularly the acts by defendants YOUNG and CLARK of attacking and beating an innocent, unarmed man multiple times without justification or necessity, constituted an excessive and unreasonable use of force and thus an unlawful seizure, in violation of PLAINTIFF'S rights guaranteed by the United States Constitution, particularly the Fourth Amendment thereto. PLAINTIFF is

therefore entitled to damages pursuant to Title 42 U.S.C. Section 1983, et seq.

20. Further, by the acts alleged above, defendants YOUNG and CLARK unconstitutionally retaliated against PLAINTIFF because he questioned police conduct. YOUNG and CLARK'S retaliatory attack and beating of PLAINTIFF violated PLAINTIFF'S rights guaranteed by the United States Constitution, particularly the First Amendment thereto. PLAINTIFF is therefore entitled to damages pursuant to Title 42 U.S.C. Section 1983, et seq.

21. As a result of this attack as described above, PLAINTIFF suffered injuries requiring medical care. PLAINTIFF has also suffered, and will continue to suffer, pain, humiliation, embarrassment and severe emotional distress, lost earnings and lost opportunity all to his damage in an amount to be proven at trial.

22. In committing the acts alleged above, defendants YOUNG and CLARK acted maliciously and/or were guilty of a wanton and reckless disregard for the rights and safety of PLAINTIFF, and by reason thereof, PLAINTIFF demands exemplary and punitive damages in an amount to be proven at trial.

## <u>SECOND CAUSE OF ACTION</u>

### SUPERVISORY LIABILITY FOR VIOLATION OF FEDERAL CIVIL RIGHTS [42 U.S.C. § 1983]

23. PLAINTIFF hereby re-alleges paragraphs 1 through 22, inclusive, and incorporates them herein by said reference as though set forth in full.

24. DOE'S 1 - 20's action and inactions, as described herein, evince DOE'S 1-20's failure to properly supervise and train YOUNG, CLARK and other subordinate officers, and that this failure was deliberately indifferent to the probable consequences or constituted and implicit authorization of such consequences. At all times relevant herein, DOE'S 1-20 had notice of YOUNG and CLARK'S propensity to use excessive force against members of the public, yet allowed YOUNG and CLARK to continue engaging in such unlawful behavior with impunity. YOUNG and CLARK'S use of excessive force against PLAINTIFF was the natural and direct consequence of DOE'S

1-20's actions and inactions, as described herein.

25. As a direct and proximate result of DOE'S 1-20's inexcusable deliberate indifference and implicit authorization of YOUNG and CLARK'S use of excessive force, PLAINTIFF has suffered injuries requiring medical care. PLAINTIFF has also suffered, and will continue to suffer, pain, humiliation, embarrassment and severe emotional distress, lost earnings and lost opportunity all to his damage in an amount to be proven at trial.

**WHEREFORE,** PLAINTIFF prays for judgment against DEFENDANTS, and each of them, as follows:

**FIRST CAUSE OF ACTION**

1. For general and compensatory damages against defendants and each of them in an amount to be proven at trial.
2. For exemplary and punitive damages against defendants and each of them in an amount to be proven at trial.
3. For costs of suit herein, including reasonable attorney's fees; and
4. For such other and further relief as the Court deems proper.

**SECOND CAUSE OF ACTION**

1. For general and compensatory damages against defendants and each of them in an amount to be proven at trial.
2. For costs of suit herein, including reasonable attorney's fees; and
3. For such other and further relief as the Court deems proper.

Dated: June 25, 2008

GARRISON & McINNIS, L.L.P.

By: [signature]

Gregory M. Garrison, Attorneys for Plaintiff GREGORY PIERRO

**DEMAND FOR JURY**

Plaintiff GREGORY PIERRO hereby demands a jury trial in this action.

Dated: June 25, 2008 GARRISON & McINNIS, L.L.P.

By: [signature]

Gregory M. Garrison, Attorneys for Plaintiff GREGORY PIERRO

K:\CLIENTS\Pierro\Pleading\Complaint.wpd

**UNITED STATES**
**DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

**# 152296 - TC**
*** * C O P Y * ***
**June 25, 2008**
**14:34:41**

**Civ Fil Non-Pris**
USAO #.: 08CV1136
Judge..: NAPOLEON A JONES, JR
Amount.: $350.00 CK
Check#.: BC57605

**Total-> $350.00**

FROM: GREGORY PIERRO
VS.
JOSHUA YOUNG ET AL.

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

08 JUN 25 PM 2:32
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: DEPUTY

## I. (a) PLAINTIFFS

GREGORY PIERRO

**DEFENDANTS**

JOSHUA YOUNG, an individual, JOHN CLARK, an individual, and DOES 1 through 20, inclusive,

(b) County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant San Diego
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

Garrison & McInnis,L.L.P. Telephone: (619) 299-4877
2650 Camino del Rio North, Suite 108 San Diego California

Attorneys (If Known)

'08 CV 1136 J WMc

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☒ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence

Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**): 42 U.S.C. § 1983

Brief description of cause: Violation of Civil Rights

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 **DEMAND $**

CHECK YES only if demanded in complaint: **JURY DEMAND:** ☑ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE DOCKET NUMBER

DATE 6/25/08 SIGNATURE OF ATTORNEY OF RECORD [signature]

**FOR OFFICE USE ONLY**

RECEIPT # 152296 AMOUNT $350 APPLYING IFP JUDGE MAG. JUDGE

TAC 6/25/08