Office of the City Attorney
JOHN P. MULLEN
City Attorney, CA Bar No. 160510
DEBORAH L. NASH
Deputy City Attorney, CA Bar No. 118572
300 North Coast Highway
Oceanside, CA  92054
(760) 435-3991  FAX:  (760) 439-3877

Attorneys for Defendants Joshua Young and John Clark

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY PIERRO, an individual,<br><br>                                        Plaintiff,<br><br>    vs.<br><br>JOSHUA YOUNG, an individual, JOHN CLARK, an individual, and DOES 1 through 20, inclusive,<br><br>                                        Defendants. | Case No. 08 CV 1136 J WMc<br><br>**ANSWER OF DEFENDANTS JOSHUA YOUNG AND JOHN CLARK TO PLAINTIFF'S UNVERIFIED COMPLAINT**<br><br>**JURY TRIAL REQUESTED** |

   Defendants, JOSHUA YOUNG and JOHN CLARK hereby answer the Complaint of GREGORY PIERRO (hereafter "plaintiff") for Violations of Civil Rights and Supervisory Liability for Violation of Civil Rights under 42 U.S.C. Section 1983 as follows:

**JURISDICTION**

   1.   These answering DEFENDANTS ADMIT that jurisdiction in this matter arises under 42 U.S.C. Sections 1331 and 1334(3) pursuant to federal law.  These answering DEFENDANTS deny that Plaintiff has brought any viable federal law claim pursuant to 42 U.S.C. Sections 1983, et seq. and the Fourth and Fourteenth Amendments to the United States Constitution.

//

## THE PARTIES

2. These answering DEFENDANTS have insufficient information upon which to determine if Plaintiff GREGORY PIERRO is an individual residing in the County of San Diego, State of California, and on this basis, denies the allegations of the first sentence of Paragraph Two of the Complaint.

3. These answering DEFENDANTS ADMIT that they work within the jurisdictional limits of the County of San Diego, State of California, and were working as police officers for the City of Oceanside, California and therefore admit the first sentence of the Third Paragraph of the Complaint.

4. These answering DEFENDANTS ADMIT the City of Oceanside, California is a municipality and public entity under the laws of the State of California and is the employer of answering DEFENDANTS and therefore ADMIT the first sentence of Paragraph Four of the Complaint. The remainder of Paragraph Four calls for a legal conclusion and as such does not require an admission or denial.

5. These answering DEFENDANTS lack sufficient information and belief upon which to admit or deny the allegations of the Fifth Paragraph of the Complaint, and on that basis, deny the allegations, generally and specially, and each of them.

6. These answering DEFENDANTS lack sufficient information and belief upon which to admit or deny the allegations of the Sixth Paragraph of the Complaint, and on that basis, deny the allegations, generally and specially, and each of them.

7. These answering DEFENDANTS lack sufficient information and belief upon which to admit or deny the factual allegations of the Seventh Paragraph of the Complaint which and on the above basis, deny the allegations, generally and specially, and each of them. To the extent, Plaintiff's Seventh Paragraph calls for legal conclusions, answering DEFENDANTS neither admit nor deny.

## GENERAL FACTUAL ALLEGATIONS

8. These answering DEFENDANTS lack sufficient information and belief as to the activities of Plaintiff and Robert Pierro on the evening of Thursday June 29, 2006   and

therefore, deny the allegations of the Eighth Paragraph generally and specially except as to ADMIT that at the time of the traffic stop on June 29, 2006, Robert Pierro was driving a Cadillac Escalade and Plaintiff was riding in the passenger's seat.

9. This answering DEFENDANT Oceanside Police Officer, YOUNG ADMITS that YOUNG stopped the vehicle driven by Robert Pierro, requested a driver's license and registration and administered a Field Sobriety Test. Answering DEFENDANTS lack sufficient information and belief upon which to admit or deny the remaining allegations contained in the Ninth Paragraph of the Complaint, and on that basis deny the remaining allegations, generally and specially, and each of them.

10. These answering DEFENDANTS ADMIT that DEFENDANT Oceanside police officer, CLARK arrived on the scene during the stop. Answering DEFENDANTS lack sufficient information and belief upon which to admit or deny the remaining allegations contained in the Tenth Paragraph of the Complaint, and on that basis deny the remaining allegations, generally and specially, and each of them.

11. These answering DEFENDANTS ADMIT that YOUNG arrested Robert Pierro on suspicion of driving under the influence of alcohol and CLARK cuffed and transported Robert Pierro to CLARK'S patrol vehicle. Answering DEFENDANTS lacks sufficient information and belief upon which to admit or deny the remaining allegations contained in the Eleventh Paragraph of the Complaint, and on that basis, deny the allegations, generally and specially, and each of them.

12. These answering DEFENDANTS lack sufficient information and belief upon which to admit or deny the allegations contained in the Twelfth Paragraph of the Complaint, and on that basis, deny the allegations, generally and specially, and each of them except as to ADMIT that Plaintiff became uncooperative, verbally abusive, confrontational and violent during his brother's arrest.

13. These answering DEFENDANTS ADMIT that as CLARK was escorting Robert Pierro to his patrol vehicle, YOUNG remained at Robert Pierro's vehicle with Plaintiff who continued to be uncooperative, verbally abusive, confrontational, threatening and violent.

Answering DEFENDANTS deny the remaining allegations of Paragraph Thirteen.

14.     These answering DEFENDANTS ADMIT that Plaintiff attempted to exit the vehicle by opening the passenger side door and was ordered by YOUNG to remain in the vehicle and place his hands in sight. Answering DEFENDANTS deny the remaining allegations of Paragraph Fourteen.

15.     These answering DEFENDANTS deny the allegations in Paragraph Fifteen

16.     These answering DEFENDANTS generally and specifically deny each of the allegations contained in the Sixteenth Paragraph of the Complaint, except as to ADMIT that Plaintiff was arrested at the scene and a video taping of the incident partially documented the events.

17.     These answering DEFENDANTS lack sufficient information and belief on which to admit or deny the allegations of Paragraph Seventeen of the Complaint, and on that basis, deny the allegations, generally and specially, and each of them.

**FIRST CLAIM FOR RELIEF**

(42 U.S.C. Section 1983 Civil Rights Violations- Against all Defendants)

18.     These answering DEFENDANTS re-allege and incorporate by reference herein, as if set forth in full, each and every answer as specified in Paragraphs One through Seventeen, above.

19.     The allegations contained in Paragraph Nineteen of the Complaint calls for a legal conclusion and therefore requires no admission or denial of the same except to further deny that DEFENDANTS participated in the conduct as described in Paragraph Nineteen of the Complaint.

20.     The allegations contained in Paragraph Twenty of the Complaint calls for a legal conclusion and therefore requires no admission or denial of the same except as to further deny that DEFENDANTS participated in the conduct as described in Paragraph Twenty of the Complaint and to deny that they violated Plaintiff's constitutionally protected rights entitling Plaintiff to damages.

21.     These answering DEFENDANTS deny that plaintiff was "attacked" by them as

alleged as to the remaining allegations of Paragraph Twenty-One, plaintiffs lack sufficient information and belief and therefore, specifically and generally deny the allegations contained in Paragraph Twenty-One of the Complaint.

22. These answering DEFENDANTS expressly deny each and every allegation contained in Paragraph Twenty-Two of the Complaint.

## SECOND CLAIM FOR RELIEF

(42 U.S.C. Section 1983 Supervisory liability for Violation of Federal Civil Rights – Against All Defendants.)

23. These answering DEFENDANTS re-allege and incorporate by reference herein, as if set forth in full, each and every answer as specified in Paragraphs One through Twenty-Two, above.

24. To the extent allegations in Paragraph Twenty-Four calls for a legal conclusion, they require no admission or denial, as to the underlying facts answering DEFENDANTS expressly deny each and every allegation contained in Paragraph Twenty-Four of the Complaint.

25. These answering DEFENDANTS expressly deny the allegations contained in Paragraph Twenty-Five of the Complaint as related to DEFENDANTS' alleged conduct and deny on information and belief allegations related to plaintiff's purported damages.

## PRAYER FOR RELIEF

### First Claim for Relief

1. These answering DEFENDANTS deny that Plaintiff is entitled to judgment and to general and compensatory damages against defendants and each of them. Except as expressly denied these answering DEFENDANTS note that the prayer calls for a legal conclusion, and therefore does not require admission or denial of the same.

2. These answering DEFENDANTS deny that Plaintiff is entitled to judgment and to punitive damages. Except as expressly denied these answering DEFENDANTS note that the prayer calls for a legal conclusion, and therefore does not require admission or denial of the same.

3. These answering DEFENDANTS deny that judgment be entered in favor of Plaintiff for reasonable attorney's fees and costs of suit, as these answering DEFENDANTS deny that Plaintiff is entitled to such fees and costs.  Except as expressly denied these answering DEFENDANTS note that the prayer calls for a legal conclusion, and therefore does not require admission or denial of the same.

## Second Claim for Relief

1. These answering DEFENDANTS deny that judgment be entered in favor of Plaintiff for general and compensatory damages. Except as expressly denied these answering DEFENDANTS note that the prayer calls for legal conclusion, and, therefore does not require admission of the same.

2. These answering DEFENDANTS deny that judgment be entered in favor of Plaintiff for costs of the suit herein, including attorney's fees. Except as expressly denied these answering DEFENDANTS note that the prayer calls for a legal conclusion, and, therefore not require admission of the same.

3. These answering DEFENDANTS deny that judgment be entered in favor of Plaintiff for such other and further relief as the Court deems proper. Except as expressly denied these answering DEFENDANTS note that the prayer calls for a legal conclusion and, therefore does not require admission of the same.

## AFFIRMATIVE DEFENSES

As separate, distinct, and affirmative defenses to each and every cause of action in the Complaint on file herein, DEFENDANTS, JOSHUA YOUNG and JOHN CLARK, allege as follows:

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State A Claim)

1. As a separate, distinct and affirmative defense, these answering DEFENDANTS allege that the Complaint fails to state facts sufficient to constitute a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Apportionment of Fault)

2. As a separate, distinct and affirmative defense, these answering DEFENDANTS allege that Plaintiff acted unreasonably, carelessly and negligently in and about the matters alleged in the complaint in that he did not exercise ordinary care, caution or prudence for his own safety and protection. Said acts of unreasonableness, carelessness, and negligence were the proximate cause of the alleged injuries, losses and damages, if there were any. However, if said DEFENDANTS are found legally responsible to Plaintiff, then said DEFENDANTS provisionally allege that the acts or omissions of said DEFENDANTS were not the sole and proximate cause of Plaintiff's injuries and damages and that the damages awarded are to be apportioned according to the respective fault and legal responsibility of all parties, including plaintiff and other persons and entities who contributed to and/or caused said injuries and damages, according to proof presented at the time of trial.

## THIRD AFFIRMATIVE DEFENSE
### (Assumption of Risk)

3. As a separate, distinct and affirmative defense, these answering DEFENDANTS allege that on or before the incident Plaintiff knew or reasonably should have known the hazards or dangers involved and, as a result, voluntarily assumed the risks in and about the matters alleged in said complaint.

## FOURTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

4. As a separate, distinct and affirmative defense, these answering DEFENDANTS allege that Plaintiff's claims are barred by the applicable statutes of limitations periods, including but not limited to 29 U.S.C. § 255(a).

## FIFTH AFFIRMATIVE DEFENSE
### (Good Faith )

5. As a separate, distinct and affirmative defense, these answering DEFENDANTS allege that Plaintiff's claims are barred because DEFENDANTS acted in good faith at all times

with a reasonable belief in the necessity or propriety of the act or omission for the proper execution and enforcement of the law.

### SIXTH AFFIRMATIVE DEFENSE
### (Plaintiff's Responsibility)

6. As a separate, distinct and affirmative defense, these answering DEFENDANTS allege that Plaintiff's injuries, if any, are directly attributed to Plaintiff's own conduct and actions.

### SEVENTH AFFIRMATIVE DEFENSE
### (Discretionary Immunity)

7. As a separate, distinct and affirmative defense, these answering DEFENDANTS allege that DEFENDANTS' acts or omissions were discretionary, requiring personal deliberation, decision and judgment which were done honestly, reasonably and in good faith, and by virtue of which they are immune from liability under title 42, U.S.C. Section 1983.

### EIGHTH AFFIRMATIVE DEFENSE
### (Liability Contingent on Unconstitutional Policy)

8. As a separate, distinct and affirmative defense, these answering DEFENDANTS allege that they are not liable for alleged violations of civil or constitutional rights by non-policy makers. Nor has Plaintiff alleged an unconstitutional civil or unconstitutional policy that caused Plaintiff harm.

### NINTH AFFIRMATIVE DEFENSE
### (No Vicarious Liability)

9. As a separate, distinct and affirmative defense, these answering DEFENDANTS allege that they are not subject to vicarious liability.

### TENTH AFFIRMATIVE DEFENSE
### (Qualified Immunity)

10. As a separate, distinct and affirmative defense, these answering DEFENDANTS allege that Plaintiff's claims are barred because Defendant's are entitled to Qualified Immunity.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Reasonable Force)

11. As a separate, distinct and affirmative defense, these answering DEFENDANTS assert that at all times pertinent, DEFENDANTS' use of force, if any, was reasonable and necessary and incident to a lawful arrest.

## TWELFTH AFFIRMATIVE DEFENSE
### (Collateral Source)

12. As a separate, distinct and affirmative defense, these answering DEFENDANTS allege that pursuant to Government Code Section 985, any judgment, if any, entered herein may be reduced for collateral source payments paid or obligated to be paid for services or benefits that were provided prior to commencement of trial.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Laches)

13. As a separate, distinct and affirmative defense, these answering DEFENDANTS allege that Plaintiff's claims are barred by the doctrine of Laches.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Estoppel)

14. As a separate, distinct and affirmative defense, these answering DEFENDANTS allege that Plaintiff's claims are barred by the doctrine of Estoppel.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

15. As a separate, distinct and affirmative defense, these answering DEFENDANTS allege that Plaintiff's claims are barred by the doctrine of Unclean Hands.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

16. As a separate, distinct and affirmative defense, these answering DEFENDANTS allege that Plaintiff's claims are barred by Plaintiff's failure to mitigate his damages to the extent that any damages exist.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Assumption of the Risk)**

17.     As a separate, distinct and affirmative defense, these answering DEFENDANTS allege that Plaintiff voluntarily, with fully knowledge of the matters referred to in the Complaint, assumed any and all risks, hazards and perils of the circumstances referred to in Plaintiff's Complaint, thereby assuming the risk of any damages sustained by Plaintiff, if any at all.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Proximate Cause)**

18.     As a separate, distinct and affirmative defense, these answering DEFENDANTS allege that Plaintiff has failed to allege with sufficient specificity any acts or omissions by each of these answering DEFENDANTS which proximately caused or which would cause damages, if any, to Plaintiffs.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(No Punitive Damages)**

19.     As a separate, distinct and affirmative defense, these answering DEFENDANTS allege that the Complaint fails to state facts sufficient to allege a claim for punitive damages.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(Additional Affirmative Defenses)**

20.     As a separate, distinct and affirmative defense, these answering DEFENDANTS allege that DEFENDANTS presently have insufficient knowledge or information upon which to form a belief as to whether they may have additional, yet unasserted, affirmative defenses. These answering DEFENDANTS therefore reserve the right to assert additional affirmative defenses in the event discovery indicates that such would be appropriate or necessary

**WHEREFORE,** these answering DEFENDANTS pray:

1.     That Plaintiff takes nothing by way of this action;

2.     That the Complaint be dismissed with prejudice;

3.     That these answering DEFENDANTS have judgment entered as against the

1 |     Plaintiff;

2 | 4.    That these answering DEFENDANTS recover costs of suit herein incurred; and

3 | 5.    For such other and further relief as the Court deems necessary, just and proper.

6 | DATED: July 15, 2008        CITY OF OCEANSIDE
7 |                         OFFICE OF THE CITY ATTORNEY

9 |                         By:    */s/ Deborah L. Nash*
                                DEBORAH L. NASH
10 |                                 Deputy City Attorney

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the court's CM-ECF system per Federal Rule of Civil Procedure 5(b)(2)(D).

Any other counsel of record will be served by facsimile transmission and/or first class mail this 16th day of July, 2008.

/s/ Deborah L. Nash

Deborah L. Nash

\\wickes\City Attorney\Word Documents\Litigation Files\PIERRO\Pleadings\Defendants Joshua Young and John Clark's Answer to Complaint and Certificate of Service.doc